IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PAUL R. VIGIL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH at el.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:16-CV-137-CW<br><br>District Judge Clark Waddoups |

　　　　Plaintiff, Paul R. Vigil, moves the Court to allow him extra time to amend his Complaint here. The Court grants the motions, giving the following guidance for Plaintiff to follow in amending the Complaint.

### INSTRUCTIONS TO PLAINTIFF

　　　　Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

　　　　Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint or other documents already filed in this case. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

## MOTION FOR APPOINTED COUNSEL

The Court now addresses Plaintiff's motion for the Court to request *pro bono* counsel to represent him.  Plaintiff has no constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the Court may in its discretion appoint counsel for indigent plaintiffs.  *See* 28 U.S.C.S. § 1915(e)(1) (2013); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  Considering the above factors, the Court concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's motions for extra time in which to amend his Complaint are **GRANTED**.  (*See* Docket Entry #s 8 & 14.)  Plaintiff shall file his amended complaint within ninety days.

(2)  The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a blank civil-rights complaint.

(3) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 15); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(4) Plaintiff's motion for service of process is **DENIED**.  (*See* Docket Entry # 16.) Plaintiff's Complaint is invalid for service, in that the Court has just granted Plaintiff the time he requests to amend it.  Moreover, the Court will screen and order service of process on prisoner complaints without prompting.  So, no motions of this kind are ever needed.

DATED this 8th day of March, 2017.

BY THE COURT:

_____
JUDGE CLARK WADDOUPS
United States District Court